[Civ. No. 45052. First Dist., Div. Three. June 4, 1979.]

In re the Marriage of JO ANN and MICHAEL DE MORE.
JO ANN DE MORE, Appellant, v.
MICHAEL DE MORE, Respondent.

**COUNSEL**

John F. Foley for Appellant.

Muth, Zanzinger & Johnson, Lyon, Muth & Zanzinger and Gerald J. Zanzinger for Respondent.

**OPINION**

**SCOTT, J.**—An interlocutory judgment of dissolution of marriage was entered requiring respondent to pay certain sums to appellant monthly for support of their minor children. Respondent failed to make payments for one year and two months. Appellant caused an order to show cause for a wage assignment to be filed. After the filing of the order to show cause, respondent paid all child support due. The lower court then made its order that appellant was not entitled to a wage assignment.

■ The issue before this court is whether the lower court had discretion to deny the motion for a wage assignment once it found that respondent was in arrears. Civil Code section 4701, subdivision (b) provides in part that where the court has ordered payment for support of a minor child, "upon both a petition by the person to whom support has been ordered to have been paid and a finding by the court that the parent so ordered is in arrears in payment in a sum equal to the amount of two months of such payments within the 24-month period immediately preceding submission of such petition, the court *shall* order the defaulting

■

parent to assign" that portion of his wages as will be sufficient to pay the amount ordered by the court for support. (Italics added.)

Respondent argues that this court should construe the statute as directory, not mandatory. However, a reading of the statute clearly indicates that the Legislature intended an assignment in these circumstances to be mandatory. Subdivision (a) of the statute describes situations in which an assignment "may" be ordered, whereas subdivision (b) states situations "Notwithstanding the provisions of subdivision (a)" in which the court *shall* order an assignment. This mandatory construction is further supported by the portion of the statute which states that "the fact that the defaulting parent may have subsequently paid such arrearages shall not relieve the court of its *duty* under this subdivision to order the assignment." (Italics added.)

The statute does not deprive respondent of due process because the statute bears a rational relationship to a valid state interest. It is evident that the Legislature has made a determination that a mandatory statute is necessary to ensure the timely and adequate support of minor children and to minimize the necessity of the parent who has custody of the minors to resort to the courts in order to enforce support orders. It is not within the power of this court to ignore the clear intent of the Legislature.

The order is reversed with directions to the trial court to order assignment. Costs are awarded to appellant.

White, P. J., and Halvonik, J., concurred.