[Civ. No. 60231. Second Dist., Div. Two. Apr. 20, 1981.]

DARLINE J. Le CLAIRE, Plaintiff and Appellant, v.
NOEL F. Le CLAIRE, Defendant and Respondent.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Andrew D. Amerson, Deputy Attorneys General, for Plaintiff and Appellant.

Noel F. Le Claire, in pro. per., for Defendant and Respondent.

## Opinion

**ROTH, P. J.**—Effective August 1, 1979, and pursuant to a court order based upon respondent's stipulation, respondent agreed to pay $75 per month per child for the support of his two minor children.

On February 22, 1980, appellant filed her motion for wage assignment pursuant to Civil Code section 4701, subdivision (b), supported by the declaration of a child support officer of the Santa Barbara County District Attorney's office stating that the foregoing order had not been modified or amended, that respondent was in arrears with respect thereto in the amount of $900 as of January 1980 and that the arrearage included a failure to make the ordered payment in at least two months of the previous twenty-four. An account ledger to the same effect insofar as the amounts referred to were concerned likewise accompanied the motion.

Respondent's opposition consisted of his declaration that the arrearages had resulted from his inability to pay, that a wage assignment would affect him adversely in his employment and could result in his discharge, and that he would pay the amounts owing without the imposition of the assignment.

The trial court, without specifying any reasons for its action, denied the motion. The propriety of its ruling is the sole issue on this appeal.

Insofar as is pertinent to our disposition, Civil Code section 4701 provided prior to January 1, 1981, that: "(a) In any proceeding where the court has ordered either or both parents to pay any amount for the support of a minor child, the court may order either parent or both parents to assign . . . that portion of salary or wages of either parent due or to be due in the future as will be sufficient to pay the amount ordered by the court for the support, maintenance and education of the minor child. Such order shall operate as an assignment and shall be binding upon any existing or future employer of the defaulting parent upon whom a copy of such order is served. . . . Any such order may be modified or revoked at any time by the court. . . .

"(b) Notwithstanding the provisions of subdivision (a), in any proceeding where the court has ordered either or both parents to pay any amount for the support of a minor child, upon both a petition by the person to whom support has been ordered to have been paid and a find-

ing by the court that the parent so ordered is in arrears in payment in a sum equal to the amount of two months of such payments within the 24-month period immediately preceding submission of such petition, the court shall order the defaulting parent to assign either to the person to whom support has been ordered to have been paid or to a county officer designated by the court to receive such payment, that portion of the salary or wages of the parent due or to be due in the future as will be sufficient to pay the amount ordered by the court for the support, maintenance, and education of the minor child. Such an order shall operate as an assignment and shall be binding upon any existing or future employer of the defaulting parent upon whom a copy of such order is served. . . .

"For purposes of this subdivision, arrearages in payment shall be computed on the basis of the payments owed and unpaid on the date that the defaulting parent has been given notice pursuant to law of the application for the order of assignment, and the fact that the defaulting parent may have subsequently paid such arrearages shall not relieve the court of its duty under this subdivision to order the assignment.

"Upon a petition by the defaulting parent, the court shall terminate such order of assignment entered pursuant to this subdivision if (1) there has been 18 continuous and uninterrupted months of full payment under the wage assignment. . . .

"(c) No employer shall use any assignment authorized by this section as grounds for the dismissal of such employee."

■   It is clear from the foregoing and from the narrative hereinabove set out that the statutory requirements requisite to the wage assignment under subdivision (b) of the statute were complied with. It is equally clear the provisions of that subdivision are mandatory in nature and that only in the case where an assignment emanates from subdivision (a) of section 4701 is the trial court empowered to grant or deny the relief in its discretion. It was previously so held in *In re Marriage of De More* (1979) 93 Cal.App.3d 785 [155 Cal.Rptr. 899], on facts substantially identical to those here, except that in that case the obligated party had in addition actually paid all delinquent amounts prior to issuance of the order for assignment. Thus it was concluded that: "Respondent argues that this court should construe the statute as directory, not mandatory. However, a reading of the statute clearly indicates that the Legislature intended an assignment in these circumstances to be man-

datory. Subdivision (a) of the statute describes situations in which an assignment 'may' be ordered, whereas subdivision (b) states situations 'Notwithstanding the provisions of subdivision (a)'. . . .

"The statute does not deprive respondent of due process because the statute bears a rational relationship to a valid state interest. It is evident that the Legislature has made a determination that a mandatory statute is necessary to ensure the timely and adequate support of minor children and to minimize the necessity of the parent who has custody of the minors to resort to the courts in order to enforce support orders. It is not within the power of this court to ignore the clear intent of the Legislature." (*Id.*, at p. 787.)

Effective January 1, 1981, section 4701 was amended so as to provide, inter alia, that the order of assignment under subdivision (b) be issued ex parte upon the further conditions specified therein. The amendment likewise permits the defaulting party to move to *quash* an assignment order so issued, upon the grounds no default occurred within the 24-month period referred to, or that the amount claimed due was in fact not owing. (See Civ. Code, § 4701, subd. (b)(6).)

Under either of these statutory formulations, however, it is clear the order petitioned for below should have been granted, at least initially, and that the trial court erred in failing to provide the relief requested when it was its mandatory duty to do so, since none of the reasons proffered by respondent in opposition constituted cognizable defenses thereto.

The order appealed from is reversed and the matter remanded for further proceedings consistent with this opinion.

Compton, J., and Beach, J., concurred.