**M.F.A. INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**Clifford MEAD, Defendant-Respondent.**

**No. 13024.**

Missouri Court of Appeals, Southern District, Division Three.

Nov. 9, 1983.

Robert R. Shepherd, Robert M. Ramshur, Robert M. Ramshur & Associates, P.C., Piedmont, for plaintiff-appellant.

Lawrence N. Koeln, Centerville, for defendant-respondent.

PREWITT, Judge.

Plaintiff issued a policy of insurance to defendant insuring against loss to defendant's automobile due to various perils, including theft and fire. The policy provided that "No insurance is afforded by this policy while the described automobile or a non-owned automobile is being driven by or is under the direct control of: Daryl Meade." Daryl Mead is the son of defendant.

On July 18, 1980, Daryl Mead drove defendant's automobile to Annapolis, Missouri, and stopped it to talk to two male acquaintances. He got out of the car and left the key in its ignition. His acquaintances apparently were irritated with Daryl because he had testified in a criminal case involving a friend of theirs. They took the key from the car, refused to give it back, and said they were going to burn the car. Daryl went to get help and when he returned the car had been moved. It was later found burning and was totally destroyed by the fire.

Defendant had financed the purchase of the car through Ford Motor Credit Company and it was a loss payee on the insurance policy. Following the loss plaintiff paid Ford Motor Credit Company the amount owed by defendant on the note it held and ownership of the note was transferred to plaintiff. Plaintiff then brought this action seeking to recover the amount it paid.

The trial court determined that the loss of the car was covered by the policy because the vehicle was not in the "direct control" of Daryl Mead at the time of the loss. It entered judgment in favor of defendant. Plaintiff appeals.

Plaintiff contends, citing *Macalco, Inc. v. Gulf Insurance Company,* 550 S.W.2d 883, 892 (Mo.App.1977), that coverage was suspended while Daryl Mead had the car and as he "never returned the car so as to terminate the prescribed activity and the suspension of insurance, the insurance policy is no bar to Plaintiff's recovery." It asserts that the car "was under Daryl Mead's control at the time of the theft" and "when it was subsequently burnt is of no moment to this cause as the injury had already commenced".

In applying the policy to these facts we give the language of the policy its plain meaning. *Dennis Cain Motor Co. v. Universal Underwriters Insurance Company,* 614 S.W.2d 275, 277 (Mo.App.1981). We do not decide whether there could be recovery under the theft portion of the policy here as even if there was no coverage for theft the fire loss coverage would apply.

The prohibition to coverage was Daryl's driving the car or it being under his "direct control". When these ended, coverage was restored. Under any definition of control that we can find or comprehend, Daryl Mead did not have "direct control" of

the car when it burnt. *Macalco* is not applicable as there the "prescribed activity" continued through the loss.

Whether Daryl might have had a "right to control" based on permission from his father, if such was granted, is not relevant, as we are not concerned with what legal rights of control he may have had, but whether he was exercising "direct control". The policy must intend actual or physical control. See *Kirchner v. Hartford Accident & Indemnity Company,* 440 S.W.2d 751, 755 (Mo.App.1969). "Physical control" is immediate, possessory, physical control, as opposed to the right or authority to control. *Farmers Insurance Company, Inc. v. Ridgway,* 602 S.W.2d 823, 827 (Mo.App.1980); *Kirchner,* supra. Daryl Mead did not have actual or physical control of the vehicle at the time of the fire. It was moved without his consent and burned against his wishes. The trial court correctly determined that the policy afforded coverage to defendant.

The judgment is affirmed.

CROW, P.J., and FLANIGAN, MAUS and GREENE, JJ., concur.