**Garry L. HUNT and Dolores Hunt, Plaintiffs-Respondents,**

v.

**Allan J. SNYDER, William Jones, Robert E. Coyle, Robert E. Cadwell and Lester Horner, Trustees of Supermarket Employees Benefit Plan of Springfield, Defendants-Appellants.**

No. 14288.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 31, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 13, 1986.

Application to Transfer Denied March 25, 1986.

Bob J. Keeter, Wear, Keeter, Karchmer, Nelms, Kirby & Johnson, Springfield, for plaintiffs-respondents.

William H. Sanders, Sr., Carol R. Gilham, Blackwell Sanders Matheny Weary & Lombardi, Kansas City, for defendants-appellants.

PREWITT, Chief Judge.

The trustees of the "Supermarket Employees Benefit Plan, Springfield" (hereafter Plan) appeal from a judgment finding them liable for the amount of certain medical bills of Garry L. Hunt.

Dolores Hunt is an employee of a supermarket whose employees receive coverage for certain medical expenses under the Plan. The Plan also covers "dependents",

including spouses. Her husband, Garry L. Hunt, is employed at a gasoline station and was injured while he was working there when a tire "exploded". Apparently he was not covered by workers' compensation. Respondents filed a claim with appellants, requesting the amount of medical expenses resulting from Garry Hunt's injury. Appellants denied payment based upon the following provision of the Plan:

"No payment will be made under the Plan for the following services:

1. Services or supplies for any occupational condition, ailment or injury arising out of or in the course of employment;"

The claim was initially denied by a letter which included the statement, "However, we suggest that you submit these charges to Garry's Workmen's Compensation carrier for consideration. If they deny benefits, please forward a copy of their denial for our review."

The trial court found "that it is clear from defendants' letter of August 8, 1984 that the purpose of the exclusion in the health policy was to exclude coverage where the medical bills are covered by Workmen's Compensation insurance." Based on that letter and two other letters of an employee of appellants, the trial court determined that appellants interpreted paragraph 1 to mean "that the exclusion only applied to situations where there was Workmen's Compensation".

The trial court also found that paragraph 1 was not intended to exclude benefits for dependents. Paragraph 1 does not mention either employees or dependents. Paragraph 2 immediately following expressly applies to both members and dependents.[1] The trial court stated that "the express mention of one thing, person or place, implies the exclusion of another". The trial court concluded that paragraph 1 should not be construed to apply to dependents "because it did not specifically say so."

Appellants contend that the language of the Plan clearly excludes injuries to dependents arising out of or in the course of their employment. They assert that the letters are consistent with this interpretation. Respondents contend that the trial court reached the correct result and they urge us to follow the court's reasoning.

We first discuss whether, apart from appellants' denial letters, paragraph 1 should be interpreted to apply only to employees of supermarkets and not their dependents. The applicable portion of the Plan, including paragraph 1, is set forth below.[2]

1. In oral arguments, counsel for the parties agreed that "members" as used in the Plan means "employees" of a supermarket whose employees are covered by the Plan.

2. No payment will be made under the Plan for the following services:
1. Services or supplies for any occupational condition, ailment or injury arising out of or in the course of employment;
2. Services or supplies which are furnished without cost to a member or dependent under the laws of the United States or of any state or political subdivision thereof, including but not limited to Medicare, or services or supplies provided by the Veterans Administration, unless the member is legally required to pay for these services in the absence of this coverage;
3. Routine infant (Well Baby) care;
4. Diseases contracted or injuries sustained as a result of war or any act of war;
5. Dental treatment, except for oral surgery services by the dentist for treatment of injuries of the mouth and jaw and certain other oral conditions;

6. Determination of the refractive error of the eyes; eyeglasses or hearing aids or examinations for their prescription or fitting;
7. Convalescent, domiciliary or custodial care, care in an infirmary, school infirmary, convalescent home, nursing home, rest home, health resort, hotel, clinic or any other similar home or institution;
8. General health examinations, premarital or similar examinations or tests; or services and supplies which are not medically necessary for the care and treatment of illness or injury.
9. Charges for cosmetic or beautifying purposes except when performed for the correction of (a) conditions resulting from accidental injuries, (b) functional abnormalities, or (c) nonfunctional congenital abnormalities while the patient is less than 12 years of age;
10. Charges for care and services in excess of those provided in this booklet;
11. Services of a hospital resident, intern, or physician in training, or any medical, surgical, obstetrical and other professional services which are not personally rendered and billed for by a physician;

█ In seeking the meaning of the paragraph in question, we afford the words in it their plain meaning. *Dennis Cain Motor Co. v. Universal Underwriters Insurance Co.*, 614 S.W.2d 275, 277 (Mo.App.1981).

Paragraph numbered 2 refers to "a member or dependent". Paragraph 1 and the remaining twelve paragraphs do not. If respondents' interpretation is correct, then dependents in several situations could receive benefits exceeding those of employees.

█ Respondents' claim that dependents are excluded by the principle of construction that the express mention of one thing, person or place, implies exclusion of another. See *State ex rel. Goldberg v. Barber & Sons Tobacco, Inc.*, 649 S.W.2d 859, 861 (Mo. banc 1983); *City of Hannibal v. Minor*, 224 S.W.2d 598, 605 (Mo.App.1949). Carrying this argument to its logical extreme, as paragraph 2 mentions both classes and the other thirteen paragraphs do not, the latter would not apply to either an employee or a dependent. There would be no purpose in having those thirteen paragraphs as only employees and dependents are covered by the Plan. In addition, there is no mention in paragraph 1 of one class to show an exclusion of another and paragraph 2 mentions both classes, not just one.

█ Paragraph 1, given its plain meaning, clearly excludes Garry L. Hunt's inju-

ry. Appellants' denial letters do not change this result. The body of the letter of August 8, 1984, referred to in the trial court's finding, is set out below.[3] The language in that letter, on which respondents rely, was stated in two other denial letters to Dolores Hunt. Those letters also stated:

"However, we suggest that you submit these charges to Garry's Workmen's Compensation carrier for consideration. If they deny benefits, please forward a copy of their denial for our review."

This wording does not establish that appellants interpret the Plan to cover injuries arising out of employment where workers' compensation benefits are not available. The language could mean that if workers' compensation benefits are denied because the injury was not work related, then the Plan's administrators may reconsider their belief that the injury arose out of or in the course of employment.

The judgment is reversed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.

---

12. Services rendered by or through a medical department, organization, clinic or hospital sponsored, maintained or supported, in whole or in part, by any member's employer, union or fraternal organization, whether or not supported by contributions from the Covered Person;

13. Hospital admissions primarily for physical checkup, diagnostic X-ray, laboratory examinations or other diagnostic studies including basal metabolism tests and electrocardiograms or for physical therapy unless otherwise provided for in this booklet;

14. Care, the need for which cannot be certified by the physician or which may be determined by a hospital utilization committee as being unnecessary.

3. We have received the charges from St. John's Regional Health incurred by Garry July 12, 1984 through July 24, 1984.

Information received on th [sic] claim form indicated that Garry's condition is a direct result of his employment. Your coverage through the Supermarket Employee Health Plan specifically excludes payment of charges resulting from accidental bodily injury arising out and in the course of employment. Therefore, we have no alternative but deny benefits on the charges submitted.

However, we suggest that you submit these charges to Garry's Workmen's Compensation carrier for consideration. If they deny benefits, please forward a copy of their denial for our review.

Should yourhave [sic] any questions or if we may be of any further assistance, please feel free to contact this office.