**Garry L. HUNT and Delores Hunt, Appellants,**

**v.**

**Allan J. SNYDER, William D. Jones, Robert E. Coyle, Robert E. Cadwell, and Lester Holmes, Trustees of Supermarket Employees Benefit Plan of Springfield, Respondents.**

**No. 14769.**

Missouri Court of Appeals,
Southern District,
En Banc.

Sept. 19, 1986.

Bob J. Keeter, Wear, Keeter, Karchmer, Nelms, Kirby & Johnson, Springfield, for appellants.

William H. Sanders, Carol R. Gilham, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, for respondents.

CROW, Chief Judge.

This is the second appeal in this lawsuit. The litigation began when Garry L. Hunt and Delores Hunt ("plaintiffs") filed a petition against the trustees of the "Supermarket Employees Benefit Plan of Springfield." We henceforth refer to the trustees as "defendants," and to the plan they administer as "the Plan."

Plaintiff Delores Hunt is an employee of a supermarket whose employees receive coverage for certain medical expenses under the Plan. The Plan also covers "dependents," including spouses. Delores' husband, plaintiff Garry L. Hunt, is employed at a gasoline station, and was injured while working there. Plaintiffs' petition sought judgment for the amount of medical expenses resulting from Garry's injury. In due course, plaintiffs filed a

"motion for partial summary judgment," and defendants responded with a motion of their own for summary judgment. The trial court, in a judgment entered May 6, 1985, granted plaintiffs' motion, declaring there was coverage under the Plan for Garry's "injury and medical expense," and awarding plaintiffs $13,232.08 "for medical expenses up to the present date."

Defendants appealed, and in *Hunt v. Snyder*, 705 S.W.2d 606 (Mo.App.1986), we reversed the judgment. Our opinion stated that the pertinent provision of the Plan, given its plain meaning, clearly excluded Garry's injury from coverage. *Id.* at 608[3]. Our mandate provided, in pertinent part, that "the judgment rendered herein by the Circuit Court ... be reversed; and that [defendants] recover of [plaintiffs] costs and charges herein expended and have execution therefor."

Upon receiving our mandate, the trial court made the following entry on its "docket sheet":

"4–3–86  In compliance with order of Appellate Court, Southern Division the court enters judgment for defts and against pltfs.  Costs taxed against pltfs."

Five days later, plaintiffs filed a motion to set the entry aside. In their motion, plaintiffs averred that they intended to "file a motion for leave to file an amended petition and ask for reformation of the insurance policy." Nine days later, plaintiffs filed a motion seeking leave "to file an amended petition herein asserting two counts, one count being that now pending before the court and the other count to assert a claim for reformation of the policy of insurance upon which the suit is pending." No copy of the proposed amended petition accompanied the motion.

Two weeks later, the trial court made this entry on the docket sheet:

"Plt's. Motion to set aside judgment overruled.  So ordered."

Plaintiffs bring this appeal from the judgment of April 3, 1986. Their sole assignment of error states:

"The trial court erred in entering judgment for defendants after receiving the mandate of the Missouri Court of Appeals, Southern Division [sic], which mandate and opinion reversed a judgment of the trial court sustaining plaintiffs' motion for partial summary judgment. The rule of law applicable is that reversal of a summary judgment for plaintiff does not mean that the trial court is to enter judgment for defendants but that the case is then in the same posture it was before the summary judgment was sustained and the pleadings are subject to amendment to assert all trial theories. The evidentiary basis making this rule of law applicable is that the motion that the trial court sustained was plaintiffs' motion for partial summary judgment."

In response to plaintiffs' point, defendants contend that we have no jurisdiction over the instant appeal, as the effect of the reversal on the first appeal was to render final judgment in favor of defendants, and to "divest the trial court of jurisdiction over any matters not included in the entering of that judgment." Consequently, argue defendants, there is "nothing from which [plaintiffs] may appeal." Defendants correctly point out that following our opinion in the first appeal, we denied plaintiffs' motion for rehearing or, in the alternative, to transfer the cause to the Supreme Court of Missouri, and that the Supreme Court thereafter denied plaintiffs' application to transfer the cause there.

Plaintiffs remind us, however, that had the trial court *denied* their motion for partial summary judgment, they could have sought leave to amend their petition to plead for reformation of the Plan, the same thing they asked to do after the judgment was reversed on the first appeal.

Neither side has cited, and our independent research has not discovered, a Missouri case where (1) a trial court entered summary judgment for a plaintiff, (2) an appellate court reversed the judgment but, in its mandate, mentioned nothing about a remand for further proceedings, (3) the plain-

tiff neglected, after issuance of the mandate, to request the appellate court to modify the mandate by adding a provision for remand, and (4) the plaintiff thereafter sought permission of the trial court to file an amended pleading alleging a different theory of recovery.

The cases cited by plaintiffs in the instant appeal state that when a judgment for a plaintiff is reversed, the cause should be remanded unless the appellate court is convinced that the plaintiff cannot recover on any theory. Those cases, however, are unlike the instant case, in that in those cases there was a trial, and it can be assumed that the plaintiffs in those cases had, prior to trial, pleaded *all* theories on which they believed they had a chance to recover. In none of those cases was there a request, after reversal, to plead a new theory of recovery.

Defendants, in their brief, cite authority for the propositions that (1) a trial court has no power, after receiving a mandate of an appellate court, to enter any other judgment, or to consider or determine other matters not included in the duty of entering the judgment directed by the mandate, and (2) if the losing party on an appeal is dissatisfied with the mandate, he should call the matter to the attention of the appellate court so that the mandate, if deficient, can be corrected.

While we have no quarrel with those principles, we note that the cases cited by defendants, like those cited by plaintiffs, were cases that had proceeded to trial or, in one instance, to an evidentiary hearing. None of the cases cited by defendants was a case where, as here, a *summary judgment* in favor of the suing party was reversed on appeal, and the suing party thereafter endeavored to plead a new theory of recovery in the trial court.

Given the unique circumstances before us, we believe there is merit in plaintiffs' contention that we should view this case in the same light as we would if the trial court had denied plaintiffs' motion for summary judgment. Had that occurred, plaintiffs could, of course, have asked the trial court for leave to amend their petition.

In saying this, we do not commend plaintiffs for the manner in which they handled their case in the trial court, or here. When defendants originally filed their motion for summary judgment, it seems to us that a prudent plaintiff, if he were considering adding a count for reformation, would have immediately sought leave to plead that theory, to ensure that he would not suffer an adverse judgment if the trial court were to conclude that there was no valid claim under the Plan as written. It would also have been prudent for plaintiffs, in their brief in the original appeal, to have informed us that in the event we reversed their summary judgment, they wanted to ask leave to plead a count for reformation, and therefore desired that the cause be remanded to afford them that opportunity. Nothing plaintiffs said in the original appeal supplied any hint that they desired to seek reformation if we held that the Plan, as written, supplied no coverage for Garry's injury.

Nonetheless, we have concluded that plaintiffs should be granted the opportunity to present to the trial court their motion for leave to file an amended petition. Accordingly, we reverse the judgment of April 3, 1986, and remand the cause to the trial court with directions to hear and determine that motion, giving due consideration to Rule 55.33(a), Missouri Rules of Civil Procedure (17th ed. 1986). We do not suggest what the trial court's ruling should be, as that issue is beyond the scope of this appeal.

We do, however, remind the parties and the trial court that we have determined, on the first appeal, that plaintiffs have no claim under the Plan as written. As that issue has been finally adjudicated, it is not open to further litigation. The reversal and remand are for the limited purpose heretofore specified.

Lest our holding be misunderstood, we emphasize that it is confined to the facts of this case, and does not apply where a party, after going to trial, seeks leave to plead

a new theory of recovery. There are rules and case law dealing with that situation, and we have no intent, in this opinion, of disturbing that area of the law.

As noted earlier, our mandate following the first appeal taxed the costs of that appeal against plaintiffs. That order, of course, remains intact. Costs of the instant appeal are taxed against defendants.

HOGAN, TITUS, FLANIGAN, GREENE and PREWITT, JJ., concur.

MAUS, J., concurs in result.