[Civ. No. 19957. Third Dist. Dec. 21, 1981.]

In re the Marriage of CONNIE and HEINTZ STUTZ.
HEINTZ STUTZ, Appellant, v.
CONNIE STUTZ, Respondent.

COUNSEL

John Kappos for Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Gregory Baugher and Margaret E. Garnand, Deputy Attorneys General, for Respondent.

OPINION

**EVANS, J.**—In 1973, an interlocutory judgment of dissolution of marriage was entered requiring appellant husband to pay certain sums to respondent wife for the support of their two minor children. The judgment also incorporated certain provisions of a "Stipulation Regarding Division of Community Property." As a result of appellant's failure to make any payments for the support of his children, respondent received aid to families with dependent children from 1973 until 1979 when the parties apparently reconciled.

The District Attorney for San Joaquin County secured an order modifying the decree of dissolution, which directed that payment of the

ordered child support be made through the family support division of that office.

On August 24, 1979, the family support division secured a wage assignment order directing payment of $150 per month on the current support obligation and $50 per month on the amount of child support determined to be past due.

Appellant appeals the denial of his petition to set aside that order and raises two contentions: (1) that Civil Code section 4701 does not authorize wage assignments for past-due child support payments; and (2) that by continuing to reside in the family home while appellant made the mortgage payments, respondent both impliedly and expressly waived her right to child support.

I

██ Having found appellant to be in arrears on his obligation to support his minor children, the trial court was compelled to order the wage assignment. (*In re Marriage of De More* (1979) 93 Cal.App.3d 785, 786-787 [155 Cal.Rptr. 899].) At the time of entry of the order, Civil Code section 4701, subdivision (b), provided in part that when the court has ordered payment for support of a minor child, "upon both a petition by the person to whom support has been ordered to have been paid and a finding by the court that the parent so ordered is in arrears in payment in a sum equal to the amount of two months of such payments within the 24-month period immediately preceding submission of such petition, the court shall order the defaulting parent to assign" that portion of the wages as will be sufficient to pay the amount ordered by the court for support.

Appellant's argument that the wage assignment can operate only on the current obligation and not on arrearages is obviously not within the intent of the statute; its verbiage as originally enacted and as amended in 1969, 1972, 1974, 1975, and 1980, deals with current payment as well as with arrearages. Wage assignment may only be sought to enforce the trial court's orders when child support payments are at least two months in arrears in any 24-month period. To construe the statute as the appellant requires would place the party seeking to enforce support obligations in the anomalous situation of having to prove an arrearage in order to secure a wage assignment limited to prospective support payments only.

Even a liberal construction of the statute does not permit us to disregard or enlarge the plain meaning of the statute. (*Outboard Marine Corp.* v. *Superior Court* (1975) 52 Cal.App.3d 30, 40 [124 Cal.Rptr. 852].) It is clear that the wage assignment authorized by Civil Code section 4701 operates to enforce all aspects of trial court child support orders, whether for present or past-due obligations.

## II

■ Appellant's mortgage payments on the house in which his children resided were not made in lieu of his support obligations as contended by appellant.

Within the dissolution proceeding, the parties executed a stipulation pursuant to which their community property interests were divided. That document also disposed of respondent's spousal support rights; however, it did not provide for support of the children. The following provisions of the interlocutory decree of dissolution were contained in the stipulation: "2. Respondent has waived her right to alimony or support and maintenance for herself and in so doing is precluded from forever asking for alimony in the future. . . . [¶] 7. The family home has an equity of $2,400.00 and that same be awarded to Petitioner husband provided that Respondent wife shall have the right to live in said home with the minor children of the parties hereto, until such time as she shall remarry. If the home is sold, then wife shall receive from the proceeds of the sale of the home the sum of $600.00, together with interest thereon at the rate of 7%. The total equities being transferred herein to Respondent wife are $2,700.00. [¶] 8. Petitioner, Heintz Stutz is awarded the family home by means of a Quitclaim Deed, provided however, that Petitioner husband shall pay to respondent wife the sum of $600.00, together with interest thereon at the rate of 7% at the time of sale of the home. The total equities thus being transferred to husband are $2,600.00. The family home is located at 1335 South School Street, Lodi, California, . . ."

In addition, the court ordered appellant to pay support for his two children in the amount of $75 per month per child.

In its ruling on the petition, the trial court succinctly analyzed and correctly summarized the intent underlying the support award and the disposition of the home in the dissolution decree: ". . . the wife's right to live in the home with the minor children until such time as she

should remarry was incorporated in the interlocutory decree itself by Judge Biddick. Thus, this right coexisted originally with the right to child support of $150 per month. In no way could the acceptance of this right be construed as a waiver of child support by subsequent conduct. [¶] [T]his right to live in the home until remarriage was considered as an equalizing factor in the division of the community property and has absolutely nothing to do with the child support provision of the interlocutory decree."

Inasmuch as the appeal is taken on the clerk's transcript only, the judgment or order is not subject to evidentiary challenge or review; it is presumed the evidence supports the judgment and the court's findings. Our review of the clerk's transcript fails to disclose any evidence in support of appellant's contention that respondent intended to and did accept the shelter of the home in lieu of child support payments.

The order denying petition to vacate the wage assignment is affirmed.

Puglia, P. J., concurred.

Blease, J., concurred in the result.