[No. AO24633. First Dist., Div. Five. Mar. 22, 1984.]

JOYCE A. LANG, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
WARREN G. LANG, Real Party in Interest.

**COUNSEL**

Timothy C. Wright and Robertson, Alexander, Luther, Esselstein, Shiells & Wright for Petitioner.

No appearance for Respondent and for Real Party in Interest.

**OPINION**

**KING, J.**—In this case we hold that a superior court cannot require requests for wage assignments for payment of child support or arrearages of child support to be brought upon noticed motion, and cannot refuse a proper ex parte request for a wage assignment for the payment of reasonable attorneys' fees for obtaining the wage assignment. A local rule which so requires is invalid because it is inconsistent with statutory law and the California Rules of Court.

Claiming an arrearage owing for child support, Joyce A. Lang filed an ex parte application with respondent Santa Clara Superior Court requesting a wage assignment for payment on the amount of the claimed arrearage, for current child support, and for attorneys' fees for obtaining the wage assignment. Respondent court refused to consider the request on an ex parte application, because its local rules require that applications for wage assignments for arrearages and attorneys' fees must be heard on noticed motion. Joyce has petitioned this court for a writ of mandate to compel respondent court to issue the requested order on an ex parte basis. We offered real party in interest, Warren G. Lang (Joyce's former husband), the opportunity to present opposition, however, he did not respond.

Joyce obtained an uncontested interlocutory judgment of dissolution of marriage from Warren filed September 29, 1981, which resolved all issues and was signed by both parties. The judgment provided that Joyce would have custody of the minor child of the parties and that Warren should pay to her "as and for child support the sum of $90 per month commencing on the first day of July, 1981, and continuing on the first day of each month thereafter until further order of court."[1] On August 10, 1983, Joyce's counsel forwarded to respondent court executed forms prescribed by California Rules of Court,[2] rule 1285.65, entitled "Ex Parte Application For Wage Assignment For Child Support," which had been properly executed by Joyce, and rule 1285.70 entitled "Order Assigning Salary Or Wages." He also submitted Joyce's income and expense declaration (rule 1285.50) as well as a cover letter requesting that the wage assignment be signed by the judge and filed.

In response, a deputy clerk of respondent court returned the documents, unissued and unfiled, with a form cover letter indicating that the documents were being returned unprocessed because of noncompliance with provision

---

[1]Use of this language to fix the duration for the payment of child support is a trap for the unwary and may require the obligor parent to retain the obligation to pay child support although, under the circumstances, he or she reasonably believes the obligation has ended. An example would be where the obligor's child gets married or becomes self-supporting prior to reaching the age of majority. Under the wording of the *Lang* judgment, child support, nonetheless, would still have to be paid. The problem is exacerbated because modification or termination of child support cannot be ordered retroactively, that is, the court's order cannot be effective any earlier than the filing of a motion for modification or termination. (Civ. Code, § 4700, subd. (a).)

Courts would be better advised to use language to fix duration that mirrors the provisions of Civil Code section 4700, subdivision (b), so that the obligation to pay child support ceases immediately upon the occurrence of one of the enunerated statutory contingencies, without the necessity of filing a motion with the court. Suggested language might be that the amount fixed for child support "is payable until each child reaches the age of majority, marries or otherwise becomes emancipated, or further order of court, whichever occurs first."

[2]All references hereinafter to court rules are to California Rules of Court except where specifically referred to as respondent court's local rules.

13, subdivisions (a) and (b), of respondent court's local rule 17.4.[3] Apparently the clerk also enclosed an additional form memorandum which stated: "(1) The court will not consider ex parte requests for wage assignment for arrearages. These matters must be set for hearing. The court considers Civil Code section 4701, subdivision (b), to be prospective only. No request for accrued arrearages will be considered on an ex parte basis. (2) Any request for attorneys' fees in the application for ex parte wage assignment *must* be accompanied by a declaration from counsel, and an income and expense declaration of the moving party (rule 1285.50)."

 From the foregoing, we are called upon to determine the validity of a local rule which precludes issuance of a wage assignment for child support arrearages unless the application is by noticed motion. Joyce's counsel apparently also contends that respondent court has a practice of not granting attorneys' fees in an application for a wage assignment on an ex parte basis.[4]

Initially, we note that the Legislature has authorized the issuance to obligee parents of orders for assignment of wages for child support under section 4701, subdivision (b),[5] of the Civil Code,[6] when an arrearage has

---

[3]Respondent court's local rule 17.4, provision 13, subdivisions (a) and (b) reads: "(a) All requests for wage assignments brought under Civil Code section 4701(a) shall be presented by noticed motion set on the Family Court Law and Motion Calendar unless a previous support order contains authorization for the issuance of a wage assignment in the event of default. Such motions shall be supported by an appropriate declaration justifying the requested relief; (b) All ex parte requests for wage assignments brought under Civil Code section 4701(b) shall be limited to defaults in the payment of child support occurring after the service of the notice required therein."

[4]Among attorneys, local practices are sometimes referred to as unwritten local rules.

[5]Unless otherwise specified all references hereinafter to "section" are references to the Civil Code.

[6]As applicable to this case, section 4701, subdivision (b), of the Civil Code provides as follows: "(1) Notwithstanding the provisions of subdivision (a), in any proceeding where the court has ordered either or both parents to pay any amount for the support of a minor child, upon a petition signed under penalty of perjury by the person or county officer to whom support has been ordered to have been paid that the parent so ordered is in arrears in payment in a sum equal to the amount of one month of the payment within the 24-month period immediately preceding filing of the petition with the court, the court shall issue without notice to the parent ordered to pay support an order requiring the parent ordered to pay support to assign either to the person to whom support has been ordered to have been paid or to a county officer designated by the court to receive the payment, that portion of the salary or wages of the parent due or to be due in the future as will be sufficient to pay the amount ordered by the court for the support, maintenance, and education of the minor child. Such an order shall operate as an assignment and shall be binding upon any existing or future employer of the parent ordered to pay support upon whom a copy of the order is served.

"The petition shall state the number of previous times a petition for assignment has been filed pursuant to this subdivision and the county in which any such petition was filed.

"(2) No petition shall be accepted for filing pursuant to this subdivision unless it contains a declaration stating that the parent, or any other person designated pursuant to subdivision

accrued equal to the sum of one month's payment, within the 24 months prior to the request. We note with particular attention that the Legislature directs, upon a proper showing, that "the court shall issue . . . an order requiring support to [be] assign[ed] to the person . . . to whom support has been ordered to have been paid . . . that portion of the salary or wages of the parent due or to be due in the future *as will be sufficient to pay the amount ordered by the court for the support, maintenance and education of the minor child.*" (Civ. Code, § 4701, subd. (b)(1); italics added.)

A review of the statutory scheme makes it clear the Legislature intended a procedure whereby the obligee parent, without notice to the obligor parent, could obtain a court order requiring the employer of the obligor parent to withhold the child support ordered by the court from the wages of the obligor parent and pay it directly to the obligee parent. The wage assignment order is not effective until 10 days after its service on the employer, who is required to deliver a copy thereof to the obligor parent within 10 days of service of the assignment order. The obligor parent then has the opportunity to move to quash the assignment if he or she contends that the alleged default has not occurred.

---

(a), to whom support has been ordered to be paid has given the parent ordered to pay support a written notice of his or her intent to seek a wage assignment in the event of a default in support payments and that the notice was transmitted by certified mail or personally served at least 15 days prior to the date of the filing of the petition. A written notice of intent to seek a wage assignment may be given at the time of the entry of the final decree of dissolution or at any time subsequent thereto. In addition to any other penalty provided by law, the filing of a petition with knowledge of the falsity of the declaration of notice is punishable as a contempt pursuant to Section 1209 of the Code of Civil Procedure. The parent ordered to pay support may at any time waive the written notice required by this subdivision. . . .

"(4) An assignment order made pursuant to this subdivision shall not become effective until 10 days after service of the order on an employer.

"(5) Within 10 days of service of an assignment order issued pursuant to this subdivision on an employer, the employer shall deliver a copy of the assignment order to the parent ordered to pay support.

"(6) A parent alleged to be in default may move to quash an assignment order issued under this subdivision within 10 days after service on the parent of notice of the assignment order by his or her employer if the parent states under oath that a default in the amount alleged in the petition has not occurred within the 24-month period referred to in the petition or that the amount is not owed. The motion and notice of motion to quash the assignment order shall be filed with the court issuing the assignment order within 10 days after service on the parent of notice of the order by the employer. The clerk of the court shall set the motion to quash for hearing within not less than 15 days, nor more than 20 days, after receipt of the notice of motion and shall mail to the petitioner at the return address contained in the petition a copy of the notice of motion by first-class mail within five days after receipt of the notice of motion. . . .

"(9) For purposes of this subdivision, arrearages of payment shall be computed on the basis of the payments owed and unpaid on the date that the parent ordered to pay support has been given notice of the order of assignment and the fact that the parent ordered to pay support may have subsequently paid such arrearages shall not relieve the court of its duty under this subdivision to order the assignment."

In adopting the Family Law Act, the Legislature has delegated substantial authority to the Judicial Council to provide rules for practice and procedure under the act. (See § 4001.) Pursuant to this delegation of authority, the Judicial Council has adopted rules 1201 through 1296.40 which, pursuant to rule 1205, are applicable to every Family Law Act proceeding.

■ Trial courts may adopt local rules, as respondent court has done, for practice and procedure in Family Law Act proceedings. However, pursuant to Code of Civil Procedure section 575.1, local rules adopted cannot be inconsistent with law or with rules adopted and prescribed by the Judicial Council.

Rule 1285.65 provides that ex parte applications for wage assignments for child support "shall be in the following form" and contains the form utilized by Joyce's counsel.[7] An examination of that form discloses that the applicant can request a wage assignment for "current child support" (par. 5), "for child support arrearage" (par. 6), and/or for "attorneys' fees" (par. 7). Joyce's application requested a wage assignment for current child support of $90 a month, a determination of an arrearage of $1,080 with a request that $90 per month be ordered paid by wage assignment towards this arrearage, and for attorneys' fees of $150 for obtaining the wage assignment, payable at the rate of $25 per month. None of these requests were granted, the documents having been returned to Joyce's counsel with the form cover letter and memorandum previously referred to.

■ Section 4701 authorizes the issuance of a wage assignment not only for current and future child support, but for past due child support. (*In re Marriage of Stutz* (1981) 126 Cal.App.3d 1038 [179 Cal.Rptr. 312].) The issue presented in the instant case, whether a local court rule can require an application for a wage assignment for payments on arrearages of child support and for attorneys' fees to obtain it to be issued only upon noticed motion, is one of first impression.

Examination of the legislative history of section 4701 fails to disclose any legislative intent that an application for a wage assignment for payment on past due child support is to be treated differently from an application for payment of current and future child support. To construe section 4701 as intending the latter is to be issued ex parte, but the former is to be issued only upon noticed motion, would put "the party seeking to enforce support obligations in the anomalous situation of having to prove an arrearage in order to secure a wage assignment limited to prospective support payments only. [¶] Even a liberal construction of the statute does not permit us to

---

[7]A copy of the rule 1285.65 form is attached hereto as an appendix.

disregard or enlarge the plain meaning of the statute. [Citation.] It is clear that the wage assignment authorized by Civil Code section 4701 operates to enforce all aspects of trial court child support orders, whether for present or past-due obligations." (*In re Marriage of Stutz, supra,* 126 Cal.App.3d at pp. 1040-1041.)

It is clear the Legislature has determined that child support is an obligation of the highest priority.[8] In authorizing wage assignments for child support to be issued ex parte, the Legislature envisioned a system which would assure payment of both current and past due child support by requiring the employer of the obligor parent to deduct a sum sufficient for each from the pay of the obligor parent and transmit it directly to the obligee parent. By comparison, the wage assignment scheme the Legislature has promulgated for spousal support requires a greater arrearage and authorizes issuance of a wage assignment only upon a noticed motion. (See § 4801.) The only possible interpretation of rule 1285.65 is that the Judicial Council intended to require, upon the proper showing, that wage assignments be issued ex parte not only for current child support, but for child support arrearages and for attorneys' fees for services rendered to obtain the wage assignment.

Under these circumstances, respondent court's local rule 17.4, provision 13, is in conflict with both section 4701 and rule 1285.65. It therefore violates Code of Civil Procedure section 575.1, which precludes the adoption of local rules which are inconsistent with statutory law or with rules adopted by the Judicial Council.

We appreciate the difficulty the trial court faces in exercising its discretion to fix the precise amount to be paid under a wage assignment towards arrearages of child support.[9] Nothing in this decision is meant to limit respondent court's ability to adopt local rules requiring applications for payments of arrearages through ex parte wage assignments to contain a declaration setting forth facts to assist the court to exercise its discretion appropriately.

Finally, we turn to Joyce's ex parte request for payment through the wage assignment of reasonable attorneys' fees for obtaining it. We find nothing in respondent court's local rules which precludes an ex parte request for

---

[8]The Legislature has also provided that a wage assignment for support shall be given priority over any earnings withholding order. (See Code Civ. Proc., § 706.031.)

[9]Even if the amount ordered to be withheld under the wage assignment is too great, the amount actually withheld is limited by operation of law, so the court's exercise of discretion in setting the amount has a protective ceiling. (See Code Civ. Proc., § 706.050; 15 U.S.C. §§ 1672-1673.)

such fees. The form memorandum returning Joyce's papers stated that an ex parte request for attorneys' fees must be accompanied by a declaration from counsel describing the services rendered, and an income and expense declaration from Joyce in the form prescribed by rule 1243 [requiring such a declaration whenever there is an issue before the court for which the declaration would be relevant]. Although Joyce's income and expense declaration was submitted, the record before us includes no declaration from counsel. ■ In the exercise of its discretion in fixing attorneys' fees on an ex parte basis, the trial court can require submission of a declaration setting forth, among other facts, a description of the services rendered, counsel's background and experience, counsel's basis for his or her fee, and the amount of the fee requested. Here the request for a fee of $150 for obtaining a wage assignment appears to be reasonable on its face and, although it would not have constituted an abuse of discretion to have granted it without a declaration from counsel, it is within the prerogative of the court to require such a declaration before issuing an order for attorneys' fees.

Let a peremptory writ of mandate issue directing respondent court to receive for filing and consider granting, if in proper form, petitioner Joyce Lang's ex parte application for a wage assignment for past due, current, and future child support payments.

Low, P. J., and Haning, J., concurred.

APPENDIX

**Rule 1285.65.** **Form of Ex Parte Application for Wage Assignment for Child Support**

The EX PARTE APPLICATION FOR WAGE ASSIGNMENT FOR CHILD SUPPORT (FAMILY LAW) shall be in the following form:

[FACE SIDE OF FORM]

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS) | TELEPHONE | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY FOR (NAME) | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS:<br>MAILING ADDRESS<br>CITY AND ZIP CODE.<br>BRANCH NAME | | |
| MARRIAGE OF<br>PETITIONER<br><br>RESPONDENT | | |
| **EX PARTE APPLICATION FOR WAGE ASSIGNMENT FOR CHILD SUPPORT** | CASE NUMBER | |

**Applicant declares**

1. Child support was ordered as follows:
 a. Date of order:
 b. Payable by ☐ petitioner ☐ respondent

 c. Payable to ☐ petitioner ☐ respondent ☐ other (specify).

 d. Monthly amount: $

 e. Total amount unpaid is at least: $

2. Payment of child support is behind in the sum of at least one month's payment within the last 24 months. Written notice of my intent to seek a wage assignment was
 a. ☐ given at least 15 days prior to the date of filing this application
 (1) ☐ by certified mail.
 (2) ☐ by personal service.
 b. ☐ waived (explain):

3. ☐ An application for assignment of wages under Civil Code section 4701(b) has been previously filed as follows.

 Date of filing County of filing

4. ☐ There is an existing assignment of child support to the County of (name):

(Continued)

Form Approved by Rule 1285.65<br>Judicial Council of California<br>Effective January 1, 1982

**EX PARTE APPLICATION FOR WAGE ASSIGNMENT FOR CHILD SUPPORT (FAMILY LAW)**

Civil Code sections 4701(b), 4370(c)<br>[C4426]

[REVERSE SIDE OF FORM]

| MARRIAGE OF (last name—first name of parties): | CASE NUMBER |
|---|---|
| | |

### EX PARTE APPLICATION FOR WAGE ASSIGNMENT FOR CHILD SUPPORT (FAMILY LAW)

Page two

5. I request an order directing the employer of the person ordered to pay child support to deduct monthly from the wages or salary due employee, until further order of the court, the following sum for
current child support: . . . . . . . . . . $

*If an order for payment of attorney fees or arrearages is requested, submit a completed Judicial Council form 1285.50, Income and Expense Declaration, unless a current form is on file. Include your best estimate of the other party's income and expenses.*

6. ☐ I also request an order directing the employer to deduct monthly from the wages or salary due employee, until further order of the court, the following sum for child support arrearage
 a. Total amount to be paid · . . . . . . $

 b. Monthly amount to be paid · . . . . $

 c. Number of months to be paid

 d. Beginning on (date) ·

7. ☐ The ☐ petitioner ☐ respondent has the ability to pay reasonable attorney fees. I also request an order directing the employer to deduct and pay attorney fees as follows
 a. Total amount to be paid . . . . . $

 b. Monthly amount to be paid · . . . . . $

 c. Number of months to be paid ·

 d. Beginning on (date):

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed on

(date): . . . . . . . . . . . . . . .

. . . . . . . . . . (Type or print name) . . . . . . . . . . (Signature)

Page two
[C4427]

*Page Two of Form*