[No. B055269. Second Dist., Div. Four. Apr. 20, 1993.]

ALEX TIFFANY et al., Plaintiffs and Respondents, v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Defendant and Appellant;
SPRAY, GOULD & BOWERS, Objector and Appellant.

**COUNSEL**

Spray, Gould & Bowers, Richard C. Turner, Robert D. Brugge and George M. Wallace for Defendant and Appellant and for Objector and Appellant.

Parker, Stanbury, Babcock, Combs & Bergsten, Arthur T. Schaertel and Helene D. Miller for Plaintiffs and Respondents.

**OPINION**

**VOGEL (C. S.), J.**—The underlying action is a third party bad faith insurance case brought by plaintiffs Alex Tiffany et al., against defendants State Farm Mutual Automobile Insurance Company (State Farm) et al. This appeal involves only a collateral order which imposed a monetary sanction of $2,500, payable to plaintiffs, against appellants State Farm and its attorneys, Spray, Gould & Bowers. The sanction was for violation of a local superior court rule involving double spacing versus one and one-half spacing in typewritten memoranda of points and authorities. The sanction order is independently appealable, apart from the underlying action, under Code of Civil Procedure section 904.1, subdivision (k).

The alleged local rule violation occurred in the memorandum of points and authorities filed by State Farm in support of State Farm's motion for summary judgment filed May 17, 1990. State Farm moved for summary judgment on two grounds: (1) that plaintiffs' case is governed by Oregon law which does not recognize a third party bad faith insurance cause of action, and (2) that there had been no conclusive judicial determination of the insured driver's liability, as required by *Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 313 [250 Cal.Rptr. 116].

State Farm's 15-page memorandum of points and authorities was typed with one and one-half spacing, as permitted by rule 201(b), California Rules

of Court, a rule prescribed by the Judicial Council of California for all superior courts. Rule 201(b) provides in pertinent part that all papers proposed for filing in superior court shall be typewritten "and the lines on each page shall be one and one-half spaced or double spaced."

Paragraph 107 of the Law and Discovery Policy Manual (LDPM) of the Los Angeles Superior Court incorporates verbatim the language of rule 201(b), California Rules of Court.

Paragraph 119 of the LDPM, however, adds the following as a local rule: "Double Spacing Preferred. Although CRC Rule 201(b) permits the use of one-and-one half spacing, it is disfavored for the reason that it is difficult to read."

When State Farm's motion for summary judgment was called for hearing on July 26, 1990, the court suggested that State Farm's memorandum violated the local rule. The following occurred:

"Mr. Champ [State Farm's attorney]: It complies with the local court rules and it also complies—

"The Court: How about the Law and Discovery Policy Memorandum 107 [memorandum 119]?

"Mr. Champ: It says it is discouraged, your honor, but is not prohibited as a—

"The Court: I'm prohibiting it.

"Mr. Champ: Your honor, I have had—

"The Court: Do it over, counsel.

"Mr. Champ: Your honor, I have—can I be heard on this point?

"The Court: No. Off calendar."

The court's oral ruling permitted State Farm to make a new motion for summary judgment and also permitted plaintiffs' counsel to make a written motion for sanctions.

Subsequently, State Farm filed two separate motions for summary judgment, one on the Oregon law issue and the other on the *Moradi-Shalal* issue, scheduling both to be heard at the same time, October 23, 1990. State Farm's memoranda were double spaced.

Plaintiffs filed opposition to the summary judgment motions and requested sanctions in the amount of $4,662.50 representing costs and attorney fees incurred in opposing summary judgment. Plaintiffs sought such sanction under Code of Civil Procedure section 128.5, on the theory that State Farm had unsuccessfully raised on demurrer the same Oregon law and *Moradi-Shalal* issues, therefore the summary judgment motions constituted harassment and were frivolous. Plaintiffs also suggested that by filing two separate summary judgment motions, State Farm had evaded another local court rule (LDPM par. 118) which limited points and authorities to 15 pages, and had forced plaintiffs to submit separate oppositions.

On October 23, 1990, the court continued the *Moradi-Shalal* motion to November 28 and continued the Oregon law motion to December 5.

On November 28, 1990, the court denied State Farm's *Moradi-Shalal* summary judgment motion, but granted summary adjudication of two issues. Plaintiffs reiterated their request for sanctions of $4,662.50. State Farm's counsel, Mr. Link, argued: "I would also indicate, your honor, that the motion as previously brought was brought as a—or the two motions, if you will, were brought together as a singular motion, filed on 37-line pleading paper which is one and one-half spacing. [¶] Your honor, I recognize that that is difficult to read, but this court's own rules say in Local Rule 119 that one and one-half spacing is clearly proper, while double spacing is preferred. [¶] Your honor obviously prefers double spacing. We redid the two motions or redid the motions as two separate motions for summary judgment, which could have been brought at separate times, one based upon California law and the other based upon Oregon law, and rather than delay the ultimate decision with respect to summary adjudication or summary judgment, we chose to bring both motions at the same time so as to resolve or at least attempt to resolve these issues as quickly as possible. [¶] Your honor, there is no basis for arguing for sanctions here. We have made obviously, at least in part, a viable motion, as you have found that there are two issues that are undisputed, and I would submit that what we did previously was proper. [¶] While this court preferred double spacing, we double-spaced to try to accommodate this court, and as further accomodation [*sic*] we brought both issues at the same time so that we could resolve these as soon as possible, given a trial date of January 28."

The court ruled: "Okay. Here is what we are going to do with regard to sanctions. [¶] I am going to grant sanctions, but only in the amount of $2,500. [¶] . . . [T]hat is to be paid within 30 days.

"Mr. Link: Your honor, may I ask the basis for the sanctions?

"The Court: Because of the fact that you required counsel to appear on at least two or three different occasions for your failure to follow the court rules, counsel."

On December 5, 1990, the court denied summary judgment and summary adjudication on the Oregon law issue. When plaintiffs reiterated a request for sanctions, the following occurred: "Mr. Link: . . . The first motion for summary judgment that was filed was taken off calendar by this court because we used one and one-half spacing on the pleading. Again, your honor, that one and one-half spacing is correct under the California Rules of Court. It is recognized to be correct by the local court rules. This court found it difficult to read, requested that we redo the motion. [¶] We redid the motion. The second appearance on the motions for summary judgment, the court advised that because of the voluminous nature of all of the documents, obviously moving papers as well as opposing papers, that the court was not yet ready to rule on the matter. [¶] The third appearance, your honor, was the appearance on the last motion for summary judgment, where the court had said I can handle these things by splitting the two of them up. [¶] I don't see anywhere in there, your honor, where there has been a violation of any local rules with respect to the filing of these motions.

"The Court: Didn't you exceed the 15-page rule at one point in time, counsel?

"Mr. Link: No, your honor, we did not.

"The Court: Which required you to split up the motion?

"Mr. Link: No, your honor. [¶] What we filed in those 15 pages of authorities was on 37-line pleading paper with one and one-half inch spacing, which again, your honor is absolutely proper under the California Rules of Court as recognized by the local court rules, the Law and Motion Manual."

The court declined to impose any additional sanction, but left intact the previous $2,500 sanction.

DISCUSSION

■ The record makes clear that the $2,500 sanction was based on the alleged violation of the local rule declaring a preference for double spacing, not on the substantive content of the summary judgment motion. State Farm correctly contends the sanction must be reversed because there was no rule

violation: one and one-half spacing is permitted by both the Judicial Council rule and the literal terms of the local rule. In any event, the trial court could not impose a sanction inconsistent with the Judicial Council rule.

Rule 227, California Rules of Court, authorizes the imposition of sanctions, including expenses and attorney fees, for violation of state or local rules of court. It provides: "The failure of any person to comply with these rules, local rules, or order of the court, unless good cause is shown, or failure to participate in good faith in any conference those rules or an order of the court require, is an unlawful interference with the proceedings of the court. The court may order the person at fault to pay the opposing party's reasonable expenses and counsel fees, and reimburse or make payment to the county, and may order an appropriate change in the calendar status of the action, in addition to any other sanction permitted by law."

Code of Civil Procedure section 575.1 authorizes a majority of judges of a superior court to adopt, by a specified procedure, local court rules to expedite and facilitate the business of the court. (Code Civ. Proc., § 575.1, subds. (a), (b).) Subdivision (c) expressly requires, however, that "[r]ules adopted pursuant to this section shall not be inconsistent with law or with the rules adopted and prescribed by the Judicial Council." A local rule which is inconsistent with the California Rules of Court cannot be enforced. (*Lang* v. *Superior Court* (1984) 153 Cal.App.3d 510, 511, 515, 516 [200 Cal.Rptr. 526]; see also Gov. Code, § 68070; *Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499, 505, and fn. 5 [120 Cal.Rptr. 176].)

Rule 201(b), California Rules of Court, expressly permits typewritten papers to be "one and one-half spaced or double spaced." This is a rule prescribed by the Judicial Council for all superior courts. Paragraph 107 of the LDPM adopts rule 201(b) verbatim. The local rule which discourages one and one-half spacing, paragraph 119 of the LDPM, expressly recognizes that the state rule permits it. Paragraph 119 states, "Although CRC Rule 201(b) *permits the use* of one-and-one half spacing, it is *disfavored. . . .*" (Italics added.) Properly interpreted to avoid inconsistency with the state rule, paragraph 119 itself permits one and one-half spacing while encouraging the bar voluntarily to use double spacing.

State Farm is therefore correct in arguing that its one-and-one-half-spaced memorandum of points and authorities did not violate any court rule. The trial court's interpretation of the local rules as prohibiting one and one-half spacing is not supported by the language of the local rules, and in any event is inconsistent with the higher authority of the Judicial Council rule. The trial court erred in enforcing its interpretation with a monetary sanction.

Plaintiffs suggest that State Farm's filing of two separate summary judgment motions after its first motion was rejected could be viewed as a violation of the local rule (LDPM par. 118) which states that "No trial brief or memorandum of points and authorities shall exceed 15 pages in length except by permission of the trial judge."

We need not and do not decide whether State Farm's division of its motion into separate components was an improper attempt to evade the 15-page limit. As State Farm's counsel pointed out to the trial court, State Farm's initial memorandum met both the page and type-spacing limits of the local rules and should not have been rejected on that ground. The necessity to do it over originated from the trial court's erroneous interpretation of the double spacing rule.

The order for sanctions of $2,500 is reversed. Appellants are awarded costs on appeal.

Epstein, Acting P. J., and Hoffman, J.,* concurred.

---

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.