Filed 10/29/13  Durant v. Nicholas Grant Corp. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| WILLIAM H. DURANT et al., | D062464 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. GIE030830) |
| NICHOLAS GRANT CORPORATION, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Luis R. Vargas, Judge.  Affirmed in part and dismissed in part.

William H. and Carla M. Durant, in pro. per., for Plaintiffs and Appellants.

Farmer Case Hack & Fedor, John T. Farmer and Lisa L. Freund for Defendant and Respondent.

We are unable to reach the merits of the issues plaintiffs raise on appeal in this personal injury and loss of consortium case.

Plaintiffs contend the trial court erred in admitting a traffic accident report and in

admitting testimony from the officer who prepared the report. As defendant points out in its brief, plaintiffs did not designate the reporter's transcript as part of the record on appeal. This of course prevents us from determining either the merits of the trial court's evidentiary rulings or whether any error was prejudicial. *After* briefing was complete, plaintiffs moved to augment the record with selected excerpts from the reporter's transcript that support their contentions. For a number of reasons, not the least of which is the unfairness to defendant who would be required to file a second brief if we granted plaintiffs' motion, we are unable to do so.

Plaintiffs also contend the trial court erred in denying their pretrial motion to disqualify opposing counsel. Although the order denying their motion was separately appealable, plaintiffs did not file a notice of appeal until after entry of a judgment in favor of defendant. Because the time to appeal from the order denying the motion to disqualify had, by that time, passed, we have no power to review the trial court's disqualification ruling.

In sum, we dismiss a portion of the appeal and, in all other respects, we affirm the judgment entered in favor of defendant.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Accident*

On February 4, 2004, Jesus Flores was driving his truck down First Avenue in Coronado on his way to work as a laborer at a condominium project, which was under construction. Near the project site, traffic was being controlled by employees of

defendant and respondent Nicholas Grant Corporation, doing business as Daley (Daley). The Daley workers were unloading equipment from a flatbed truck needed to perform electrical work for a utility.

Plaintiff and appellant William H. Durant was riding his motorcycle down First Avenue behind Flores; Durant attempted to get around the slowed traffic by riding on the right shoulder of the street. When Flores reached the intersection controlled by the Daley employee, Flores turned right and collided with Durant's motorcycle. Flores stopped and, after providing information about the accident, proceeded to the condominium project. Durant was severely injured.

B. *Initial Action*

Durant and his wife, plaintiff and appellant Carla M. Durant, initially filed a personal injury action against Flores, a subcontractor on the condominium project, and the general contractor on the project. Flores's insurer retained the law firm of Farmer Case[1] to represent Flores in the initial action filed by the Durants.

Durant eventually settled with Flores and, on June 23, 2005, gave Flores a release that included not only claims Durant had against Flores but also claims Durant had against "all other persons, firms and corporations." The Durants dismissed the subcontractor and the general contractor was dismissed on its motion for summary judgment, which we affirmed on appeal.[2]

---

[1]    The law firm is now known as Farmer Case Hack & Fedor.

[2]    See *Durant v. CBU Builds, Inc.* (Nov. 6, 2009, D053095) (nonpub. opn.).

3

C. *Second Lawsuit*

By way of a second and separate complaint, on March 7, 2006, the Durants sued various other defendants alleging causes of action for negligence and loss of consortium. On July 26, 2007, the Durants amended the complaint and identified Daley as one of the Doe defendants they had named in their second complaint.

Daley's insurer retained Farmer Case to represent Daley in the Durant's second action.

Prior to trial of the Durants' claims against Daley, the Durants moved to disqualify Farmer Case as Daley's counsel. They argued the firm's prior representation of Flores created a conflict of interest. On October 26, 2011, the trial court denied the Durants' motion.

Trial on the Durants' claims against Daley commenced on March 16, 2012. The jury returned a verdict finding that although Daley was negligent, its negligence was not a substantial factor in causing harm to the Durants. A judgment in favor of Daley was entered on May 30, 2012.

The Durants filed a notice of appeal on July 30, 2012.

As we noted at the outset, the Durants did not designate the reporter's transcript as part of the record on appeal. Rather, their designation states that they elected to proceed without a record of the oral proceedings in the trial court. The designation further states: "I understand that without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceedings in

4

determining whether an error was made in the superior court proceedings."

Prior to filing their opening brief, the Durants moved to augment the record with portions of the reporter's transcript and we denied their motion.

DISCUSSION

I

After briefing was complete, the Durants filed a second motion to augment the record with excerpts of the reporter's transcript. We cannot grant their second motion. As Daley points out in its opposition to the motion, where a reporter's transcript has not been requested, "'a motion to "augment" cannot be used to create a record. Its function is to supplement an incomplete but existing record.'" (*Wagner v. Chambers* (1965) 232 Cal.App.2d 14, 21.) As we also noted at the outset, permitting such augmentation *after* briefing has been completed would be particularly unfair to Daley. Were we to grant the Durants' motion, out of fairness we would be required to give Daley an opportunity to respond to the Durants' arguments and bear the additional expense and delay of doing so.

II

The Durants contend the trial court erred in admitting a traffic collision report prepared by Marc Langlais, a police officer who responded to the accident, and in permitting Langlais to testify as to his opinion regarding the cause of the accident. They contend that admission of the report was barred by Vehicle Code section 20013 and that Langlais's opinion testimony was improper because he was not a qualified expert and because his testimony was unduly prejudicial.

5

Where as here, an appeal is taken on a clerk's transcript or appellant's appendix only and no reporter's transcript is part of the record, "the judgment or order is not subject to evidentiary challenge or review; it is presumed the evidence supports the judgment and the court's findings." (*In re Marriage of Stutz* (1981) 126 Cal.App.3d 1038, 1042.) The particular hurdles we face in reviewing a record that does not include a complete reporter's transcript is in determining whether proper objections to the evidence were made and whether any error in the admission or exclusion of evidence on the part of the trial court was prejudicial. "[T]he party who desires to raise the point of erroneous admission on appeal must object at the trial, specifically stating the grounds of the objection, and directing the objection to the particular evidence that the party seeks to exclude." (3 Witkin, Cal. Evidence (5th ed. 2012) Presentation At Trial, § 383, p. 535.) Importantly, "[i]t is a fundamental principle of appellate jurisprudence in this state that a judgment will not be reversed unless it can be shown that a trial court error in the case affected the result." (*In re Sophia B.* (1988) 203 Cal.App.3d 1436, 1439.) The appellant has the burden on appeal not to merely show error but "'to show injury from the error.'" (*Douglas v. Ostermeier* (1991) 1 Cal.App.4th 729, 740.)

Here, without a complete record, we cannot determine whether there was an appropriate objection to the traffic report and testimony. Even if we assume that an objection was made on appropriate grounds and erroneously overruled, without a complete record of the trial we cannot determine whether any error in admitting the traffic collision report and officer Langlais's testimony was prejudicial.

6

Thus, we are unable to reach the merits of the Durants' evidentiary contentions.[3]

                                        III

The Durants also challenge the trial court's order denying their motion to disqualify Farmer Case. The trial court's order was separately appealable both as a matter collateral to the merits and one refusing to grant an injunction to restrain counsel from participating in the case. (*Meehan v. Hopps* (1955) 45 Cal.2d 213, 215-217; see also *Reed v. Superior* Court (2001) 92 Cal.App.4th 448, 453; Code Civ. Proc., § 904.1, subd. (a)(6).) Accordingly, the Durants had, at most, 180 days from the October 26, 2011 date of the trial court's order denying their motion in which to file a notice of appeal. (Cal. Rules of Court, rule 8.104(a)(1)(C).) Their July 30, 2012 notice of appeal was therefore untimely, and we have no power to review the order. (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 662 [appellate court has no jurisdiction to review untimely appeal]; *City of Los Angeles v. Glair* (2007) 153 Cal.App.4th 813, 818–819 [same].)

---

3    Contrary to the suggestion the Durants made at oral argument, with respect to their obligation to present a complete record we cannot give any special consideration to the fact they are pro. per. litigants. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985

DISPOSITION

Insofar as the Durants appeal from the order denying their motion to disqualify Farmer Case, their appeal is dismissed.  In all other respects, the judgment is affirmed. Daley to recover its costs of appeal.

BENKE, Acting P. J.

WE CONCUR:

HALLER, J.

McDONALD, J.

8