Filed 11/8/13  Marriage of Andrew CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of CHARLES and MAIA ANDREW. | |
| | D060854 |
| CHARLES ANDREW, | |
| Appellant, | |
| | (Super. Ct. No. D490251) |
| v. | |
| MAIA AMBERSTONE, | |
| Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Lorna A. Alksne, Judge.  Affirmed.

Charles Andrew, in pro. per., for Appellant.

Sheila M. Reilly for Respondent.

In this case, by way of his designation of record, appellant elected preparation of a clerk's transcript and a reporter's transcript.  Appellant also filed an application for a waiver of the cost of preparing the clerk's and reporter's transcripts.  We denied his

1

request and, when he failed to timely file the fees needed to prepare a reporter's transcript, we ordered preparation of a clerk's transcript.

Later, appellant unsuccessfully attempted to file an appendix. Included in appellant's proposed appendix were documents filed in the trial court that did not appear in the clerk's transcript and exhibits offered by the parties in the trial court. In addition to consideration of the merits of appellant's appeal, pending before us is a motion to augment in which appellant asks us to include the documents and many of the exhibits that appeared in his proposed appendix. Appellant's motion to augment also includes excerpts of portions of the reporter's transcript that support his contentions on appeal.

With respect to the exhibits and documents filed in the trial court, we grant appellant's motion to augment. However, with respect to the excerpts of the reporter's transcript, we deny the motion to augment. Appellant lost his right to a record that includes a reporter's transcript, and he may not reinstate that right by way of a motion to augment with portions of the reporter's transcript.

Appellant's failure to provide a complete reporter's transcript of the proceedings in the trial court prevents us from reaching the merits of his claims on appeal, which appear to be challenges to the trial court's factual findings and, in particular, the trial court's reliance on the report of a special master with respect to the value of businesses appellant owns.

This is the second time appellant has appealed a ruling by the trial court in this contentious marital dissolution proceeding. In the prior appeal we found that, although

2

appellant's appeal had no merit, sanctions were not appropriate. Here, once again, appellant's appeal lacks merit. Nonetheless, in order not to unduly discourage resort to appellate review, we once again decline to impose sanctions.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant Charles Andrew and respondent Maia Amberstone were married in May 1984 and separated in May 2005. Shortly after their separation, Andrew filed a petition for dissolution of the marriage.

In 2008, the trial court awarded Amberstone $3,500 a month in spousal support based on the report of a forensic accountant it had appointed to act as special master as well as records from appellant's businesses which showed that substantial amounts of his personal expenses were paid by the businesses. Andrew appealed from that order, and we affirmed. We noted that although Andrew challenged the trial court's evidentiary rulings, he did not cite to any portions of the record that supported his contentions. With respect to Amberstone's request for sanctions, we stated: "[Andrew's] appeal lacks all merit and it appears he has a history of causing delay. However, although it is a close call, we decline to assess sanctions."

On remand, the trial court conducted a three-day trial on reserved issues, including the valuation of Andrew's businesses, spousal support and Amberstone's request for sanctions. Based on its valuation of Andrew's businesses and other debts of the community, the trial court ordered that Andrew pay Amberstone an equalization payment of $168,135.69. Based on its determination of income available to Andrew and the

3

couple's marital standard of living, the trial court ordered that Andrew pay Amberstone $5,000 a month in spousal support.

With respect to sanctions, the trial court stated: "The court finds that [Andrew] has frustrated the policy of settlement and by misrepresenting income to the court and respondent. The court issues a sanction pursuant to Family Code section 271 against petitioner and orders him to pay to respondent a sanction of $20,000.00"

Andrew filed a timely notice of appeal.

## DISCUSSION

## I

First, we take up Andrew's motion to augment the record. As we indicated at the outset, with respect to the documents that were filed in the trial court and were part of his proposed appendix, we grant his motion.

However, with respect to his request that we augment the record with the reporter's transcript of the last day of the trial court's hearing in which the trial court made its ruling on the record on the disputed issues, we deny the motion to augment. Where a reporter's transcript has not been requested, "a 'motion to "augment" cannot be used to create a record. Its function is to supplement an incomplete but existing record.'" (*Wagner v. Chambers* (1965) 232 Cal.App.2d 14, 21.) The augmentation Andrew requests is particularly unfair because it does not include a reporter's transcript of the preceding two days of trial.

On appeal, Andrew contests the trial court's determination of the value of his businesses and, in particular, the trial court's reliance on the special master's report, on its findings with respect to his income and its imposition of sanctions.  With respect to the special master's report, Andrew contends that the master did not respond to Andrew's objections to the report and that the trial court also failed to consider Andrew's objections to the master's report.  With respect to the trial court's calculation of the parties' respective incomes, Andrew contends that the trial court applied different criteria and also relied on false or misconstrued facts.  Finally, Andrew argues that the $20,000 in sanctions was improper because it imposed an undue financial burden on him.  In short, Andrew's appeal is based entirely on his disagreement with the trial court's factual findings.

As Amberstone points out, the available record does not permit us to resolve these questions.  Where as here, an appeal is taken on a clerk's transcript and no reporter's transcript is part of the record, "the judgment or order is not subject to evidentiary challenge or review; it is presumed the evidence supports the judgment and the court's findings."  (*In re Marriage of Stutz* (1981) 126 Cal.App.3d 1038, 1042.)  The particular hurdles we face in reviewing a record that does not include a complete reporter's transcript is in determining whether proper objections to the evidence were made and whether any error in the admission or exclusion of evidence on the part of the trial court was prejudicial.  "[T]he party who desires to raise the point of erroneous admission on

appeal must object at the trial, specifically stating the grounds of the objection, and directing the objection to the particular evidence that the party seeks to exclude." (3 Witkin, Cal. Evidence (5th ed. 2012) Presentation At Trial, § 383, p. 535.) Moreover, "[i]t is a fundamental principle of appellate jurisprudence in this state that a judgment will not be reversed unless it can be shown that a trial court error in the case affected the result." (*In re Sophia B*. (1988) 203 Cal.App.3d 1436, 1439.) The appellant has the burden on appeal not to merely show error but "'to show injury from the error.'" (*Douglas v. Ostermeier* (1991) 1 Cal.App.4th 729, 740.)

Here, without a complete record, we cannot determine whether Andrew made appropriate objections to the master's report, raised an appropriate objection to the trial court's income calculation or presented sufficient, credible evidence of his income. Even if we assume that objections to the master's report and the trial court's calculations were made and that credible evidence of his income was presented, without a complete record of the trial we cannot determine whether any error was prejudicial.

Thus, we are unable to reach the merits of Andrew's contentions.

### III

Amberstone again seeks attorney fees from Andrew as sanctions for a frivolous appeal. (Code Civ. Proc., § 907.) In *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649-650, the court "set forth two alternative tests for determining a frivolous appeal. The first test is subjective: Was the appeal prosecuted solely for an improper motive, such as to harass the respondent or delay the effect of an adverse judgment? [Citation.] . . . [¶]

6

The second strand of *Flaherty* is objective:  Was the appeal so indisputably without merit that any reasonable attorney would agree it was totally devoid of merit?"  (*Tomaselli v. Transamerica Ins. Co.* (1994) 25 Cal.App.4th 1766, 1773.)  "The two standards are often used together, with one providing evidence of the other.  Thus, the total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay."  (*In re Marriage of Flaherty*, *supra*, at p. 649.)

Like his previous appeal, Andrew's current appeal lacks all merit and, as we noted in his prior appeal and the trial court determined in imposing sanctions, Andrew has a history of causing delay.  Nonetheless, we recognize that sanctions should be imposed sparingly "so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal."  (*In re Marriage of Flaherty*, *supra*, 31 Cal.3d at p. 650.)  It is for this reason that we once again decline to impose sanctions; however, our patience with dilatory and frivolous litigation has limits.

### DISPOSITION

The judgment is affirmed.  Amberstone is awarded her costs of appeal.


BENKE, Acting P. J.

WE CONCUR:


HALLER, J.


O'ROURKE, J.

7