Filed 4/10/15 Ziyad v. Ziyad CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| GINA W. ZIYAD,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NIGEL A. ZIYAD,<br><br>    Defendant and Appellant;<br><br>ALAMEDA COUNTY DEPARTMENT<br>OF CHILD SUPPORT SERVICES,<br><br>    Respondent. | A142226<br><br>(Alameda County<br>Super. Ct. No. RF08404954) |

Appellant Nigel A. Ziyad has repeatedly asked the trial court to reduce the amount of the monthly child-support payment he is obligated pay his former spouse, respondent Gina W. Ziyad.[1]  In this appeal, he challenges an order reducing his payment somewhat, but not as much as he sought.  We affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

Gina filed a petition for dissolution of marriage in August 2008, and the petition was granted, effective December 31, 2009.  The parties continued to litigate various matters, including child custody, child-support payments, and visitation.

_____

[1] For the sake of clarity, we refer to the parties by their first names since they share the same surname.  (*In re Marriage of Leonard* (2004) 119 Cal.App.4th 546, 550, fn. 2.)

1

In the past few years, the parties have returned to court several times over Nigel's obligation to make monthly payments to support his twin teenagers. In April 2013, following a hearing, the trial court ordered Nigel to pay $1,252 each month in child support (the April 2013 order). As part of the April 2013 order, the trial court found that Nigel had custody of the twins four percent of the time and had a monthly taxable gross income of $4,258, and that Gina had a monthly income of zero. Although Nigel did not appeal the order, he has tried multiple times to have it modified, with limited success.

In *Ziyad v. Ziyad* (Oct. 28, 2014, A141194) [nonpub. opn.]), this court affirmed a January 7, 2014 order denying a request to modify the April 2013 order. In our opinion, we noted the appellate record lacked a transcript of the hearing held before the court issued its original April 2013 order and that without the transcript, we were unable to determine whether Nigel's later request to modify the child-support order alleged any true changes of circumstances.[2]

This appeal is from an order entered by the trial court on May 22, 2014, on another attempt to modify the April 2013 order (the May 2014 order). In support of his request giving rise to this order, Nigel alleged that Gina obtained employment in June 2013 and changed her monthly expenses to $1,468. He also alleged the amount of child support required under the April 2013 order was "excessive" and incorrectly calculated, resulting in an "undue hardship." In March 2014, Nigel filed an income-and-expense declaration stating he (1) earned $120 per month from Retail Technology Group, where he had worked for about a week, (2) received $189 per month from the supplemental-nutrition assistance program, and (3) had a total average monthly income of $367.25. Nigel did not complete the section of the form that called for an itemization of his monthly expenses, instead writing "N/A" where the form asked for his total monthly expenses. In the section asking for installment payments, he attested he owed monthly payments of $4,258 for home expenses (the same amount the trial court previously had determined to

---

[2] Nigel also appealed an order entered after a February 20, 2014 hearing (A141656), but this court dismissed the appeal because Nigel failed to submit a written, appealable order with his civil case information statement.

be Nigel's monthly taxable gross income), an amount he characterized as debt at oral argument in this court, and not money that he actually paid each month. He also alleged in his request for modification that his children split their time evenly between him and Gina.

A contested hearing was held on April 24, 2014. According to the minute order following the hearing, both Gina and Nigel testified. The appellate record filed in this court on August 1, 2014, did not include a transcript of the hearing, however, because Nigel elected to proceed without a reporter's transcript. Following the hearing, the trial court, in the May 2014 order, lowered Nigel's monthly child-support payments to $1,146 (a reduction of $106 per month from the April 2013 order). The order states, "Based on [Nigel's] failure to provide any evidence of a change in his living expenses, which was the primary basis for the imputation of $4,258.00 as his average monthly gross income, the Court makes no change in the amount of [Nigel's] imputed income." As part of the order, the trial court found that Nigel had custody of the twins 10 percent of the time (up from 4 percent at the time of the April 2013 order) and that Gina had a monthly net disposable income of $2,300 (up from zero in the April 2013 order). Nigel timely appealed the trial court's ruling. Gina did not file an appellate brief, but the Attorney General filed a respondent's brief on behalf of interested party Alameda County Department of Child Support Services.

II.
DISCUSSION

Proceeding without an attorney, Nigel argues the trial court erred in several respects and presents what he contends is the "correct" approach to child support. We conclude he fails to meet his burden to demonstrate reversible error.

A child-support order "may be modified or terminated at any time as the court determines to be necessary." (Fam. Code, § 3651, subd. (a).) The party seeking a modification bears the burden of proof in the trial court to establish changed circumstances warranting a downward adjustment in child support. (*In re Marriage of Leonard*, *supra*, 119 Cal.App.4th at p. 556; *In re Marriage of Cheriton* (2001)

3

92 Cal.App.4th 269, 298; Cal. Rules of Court, rule 5.260(c) [declaration supporting request to change child-support order "must include specific facts demonstrating a change of circumstances"].) The standard of review on appeal of a modification order is deferential: " ' "[A] determination regarding a request for modification of a child support order will be affirmed unless the trial court abused its discretion, and it will be reversed only if prejudicial error is found from examining the record below." [Citations.] Thus, "[t]he ultimate determination of whether the individual facts of the case warrant modification of support is within the discretion of the trial court. [Citation.] The reviewing court will resolve any conflicts in the evidence in favor of the trial court's determination." ' " (*In re Marriage of Bodo* (2011) 198 Cal.App.4th 373, 384.)

As a general rule, "[i]n conducting our review for an abuse of discretion, we determine 'whether the court's factual determinations are supported by substantial evidence and whether the court acted reasonably in exercising its discretion.' " (*In re Marriage of Bodo*, *supra*, 198 Cal.App.4th at p. 384.) But our review is far more restricted given the state of the appellate record. "Inasmuch as the appeal is taken on the clerk's transcript only, the judgment or order is not subject to evidentiary challenge or review; it is presumed the evidence supports the judgment and the court's findings." (*In re Marriage of Stutz* (1981) 126 Cal.App.3d 1038, 1042; see also *In re Marriage of Utigard* (1981) 126 Cal.App.3d 133, 145 [where party appeals solely on clerk's transcript, " 'every presumption is in favor of the validity of the judgment and any condition of facts consistent with its validity will be presumed to have existed rather than one which will defeat it' "].)

Given the deferential standard of review and the presumption of correctness absent a reporter's transcript, Nigel's arguments fail. Nigel first complains about unspecified evidentiary rulings and the conduct of the hearing, which amounted to "civil rights violations." But we have no way of evaluating these arguments without a transcript of the hearing. In a somewhat confusing argument, Nigel also claims the trial court "erred in stating that the travel reimbursement would be child support arrears for the respondent [Nigel] and only the respondent's arrears can be deducted from the sale of the home." He

4

contends this somehow violated a 2010 court order regarding the parties' home in St. Charles, Illinois. We consider this argument waived because it includes no citations to the record or legal authority demonstrating error. (*Dominguez v. Financial Indemnity Co.* (2010) 183 Cal.App.4th 388, 392, fn. 2 [appellate court may disregard factual assertions unsupported by citations to the record]; *County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1443 [appellant must cite to portion of record where ruling is contained and identify what particular legal authorities show error].)

To the extent Nigel again challenges the April 2013 order, we reject his arguments because he did not appeal from that order. His burden in the trial court was to establish changed circumstances justifying a modification of the April 2013 order. Although in the May 2014 order, the trial court lowered the amount of support somewhat, apparently based on the changed circumstances of Gina's earnings and Nigel's increased custody of his sons, the court concluded that Nigel had "fail[ed] to provide any evidence of a change in his living expenses, which was the primary basis for the imputation of $4,258.00 as his average monthly gross income." This conclusion is consistent with Nigel's March 2014 income-and-expense declaration listing $4,258 for home expenses. (See, e.g., *In re Marriage of Calcaterra & Badakhsh* (2005) 132 Cal.App.4th 28, 34-35 [trial court may infer gross income from statement on loan application, even if it is inconsistent with same party's tax return].) Rather than point to any evidence contradicting this conclusion, Nigel repeats the arguments made in previous attempts to lower his support payments— specifically, that the court should have focused more on his inability to find work. "Circumstances accounted for in the previous order cannot constitute a change of circumstances." (*In re Marriage of Khera & Sameer* (2012) 206 Cal.App.4th 1467, 1476; see also *In re Marriage of Stanton* (2010) 190 Cal.App.4th 547, 554 [absent changed circumstances, modification motion would be nothing more than an *impermissible collateral attack* on a final order]; *In re Marriage of Schmir* (2005) 134 Cal.App.4th 43, 47 [if circumstances existed at time of original order, court presumably considered those circumstances, and bringing them to court's attention later does not constitute a true change].) On this record, we cannot conclude that the trial

5

court abused its discretion in lowering Nigel's monthly support payments in the May 2014 order, even though the amount was not as much as Nigel sought. (*In re Marriage of Cryer* (2011) 198 Cal.App.4th 1039, 1046-1047 [appellate court will disturb a child-support order "only if no judge could have reasonably made the challenged decision"].)

The day before oral argument in this court, Nigel filed a request to augment the appellate record to include (1) a transcript of the April 11, 2013 hearing that gave rise to the April 2013 order, (2) a transcript of the April 24, 2014 hearing held on Nigel's request that is the subject of this appeal, and (3) a petition for a request to modify child support in proceedings apparently pending in Kane County, Illinois. Nigel asserted that the augmentation would not prejudice any party, even though it was requested four months after the Alameda County Department of Child Support Services filed its brief and essentially gave the department no opportunity to respond to the material.

Nigel's request failed to satisfy this court's local rules, which provide that requests for augmentation should be made within 30 days of the filing of the record and will be entertained thereafter only upon a showing of good cause. (Ct. App., First Dist., Local Rules of Ct., rule 7(b), Augmentation of Record.) Nigel first asserted in his request that the reporter's transcripts were "erroneously" omitted from the appellate record. But, in fact, he specifically elected to proceed without a reporter's transcript. He also asserted that he had believed ordering the transcripts was "unnecessary." But in our October 2014 opinion we specifically mentioned our inability to evaluate his claims fully without a transcript. Nigel failed to demonstrate good cause for the belated request to augment the record, and his request is therefore denied. (Cal. Rules of Court, rule 8.155(a)(1) [decision whether to augment appellate record is discretionary; court "may" order record augmented]; 1 Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2014) ¶ 5:142, p. 5-47 ["Record augmentation necessarily disrupts the expeditious processing of an appeal; therefore, motions that are filed *after briefing is completed and court staff has begun working on the case* are *far less likely* to be granted"], italics added.)

Nigel has consistently and earnestly asserted, both in the trial court and in this court, that his child-support obligations should be reduced because he receives food stamps and cannot find steady employment. The argument has repeatedly failed in the trial court, which is in a far better position to determine credibility and consider evidence than this court. And although it is clear from Nigel's appellate briefs and his statements at oral argument that he believes he is being treated unfairly in the trial court, he falls far short of demonstrating unfairness, let alone reversible error.

III.
DISPOSITION

Appellant's motion to augment the record is denied. The trial court's May 22, 2014 order is affirmed. Respondents Gina and Alameda County Department of Child Support Services shall recover their costs on appeal.

_____
Humes, P.J.

We concur:


_____
Margulies, J.


_____
Dondero, J.

7